UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIRARD PATTERSON and MARIBETH MURPHY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HARVARD PILGRIM HEALTH CARE, INC. and POINT32HEALTH, INC.,<br><br>Defendants. | Case No. 1:23-cv-11211-NMG |
| KELLI MACKEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POINT32HEALTH, INC., HEALTH PLANS, INC., and HARVARD PILGRIM HEALTH CARE, INC.,<br><br>Defendants. | Case No. 1:23-cv-11257-NMG |
| VALERIA SALERNO GONZALES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARVARD PILGRIM HEALTH CARE, INC. and POINT32HEALTH, INC.,<br><br>Defendants. | Case No. 1:23-cv-11286-DJC |

| | |
|---|---|
| TRACIE WILSON, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>   v.<br><br>HARVARD PILGRIM HEALTH CARE, INC. and POINT32HEALTH, INC.,<br><br>             Defendants. | Case No. 1:23-cv-11288-PBS |
| DANIELLE OLSON, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>   v.<br><br>POINT32HEALTH, INC., HEALTH PLANS, INC., and HARVARD PILGRIM HEALTH CARE, INC.,<br><br>             Defendants. | Case No. 1:23-cv-11348-NMG |
| JACQUELINE VORPAHL, PH.D., KAI VORPAHL, and KATIE MCGUIRE, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>   v.<br><br>HARVARD PILGRIM HEALTH CARE, INC., HPHC INSURANCE COMPANY, INC., and POINT32HEALTH, INC.<br><br>             Defendants. | Case No. 1:23-cv-11384-NMG |

## MOTION TO CONSOLIDATE AND SET LEADERSHIP BRIEFING SCHEDULE

Pursuant to Federal Rule of Civil Procedure ("FRCP") 42(a) and District of Massachusetts Local Rule 40.1(j), Plaintiffs Girard Patterson, Maribeth Murphy, and Kelli Mackey ("Plaintiffs") seek an Order from this Court consolidating *Patterson, et al. v. Harvard Pilgrim Health Care, Inc., et al.*, No. 1:23-cv-11211-NMG, *Mackey v. Point32Health, Inc., et al.*, No. 1:23-cv-11257-NMG, *Gonzales v. Harvard Pilgrim Health Care, Inc., et al.*, No. 1:23-cv-11286-DJC, *Wilson v. Harvard Pilgrim Health Care, Inc., et al.*, No. 1:23-cv-11288-PBS, *Olson v. Point32Health, Inc., et al.*, No. 1:23-cv-11348-NMG, and *Vorpahl, et al v. Harvard Pilgrim Health Care Inc., et al*, No. 1:23-cv-11384-NMG (collectively, the "Related Actions"). Plaintiffs also seek an Order pursuant to FRCP 23(g)(3) setting a schedule for filing applications for interim lead counsel.

Consolidation of the Related Actions is appropriate under considerations of convenience, judicial economy, cost reduction, and serving the best interests of the putative class. The six Related Actions pertain to a common data breach that impacted the network systems of Defendants Harvard Pilgrim Health Care, Inc. ("Harvard Pilgrim") and Point32Health, Inc. ("Point32") (together, "Defendants"). These cases arise from the same nucleus of common facts and all share the same common defendants. Consolidation will provide for complete resolution in one proceeding and avoid unnecessary serial handling of the cases, duplication of pre-trial proceedings, the risk of inconsistent adjudications, and duplicative discovery and testimony of witnesses all testifying on common issues in the Related Actions. The Related Actions are all in their infancy, as each is in the pleading stage with no responses having been filed to the complaints. None of the Related Actions has progressed to the point where any efficiencies or benefits will be forfeited through consolidation. Consolidating the Related Actions for all purposes will provide all the

benefits of consolidation and promote the interests of judicial economy and convenience, with no prejudice to the parties and the putative class.

Appointment of interim lead counsel will also promote efficiency and judicial economy in the Related Actions. Interim lead counsel will ensure that the consolidated action is handled efficiently and will help avoid duplication of work. Accordingly, Plaintiffs respectfully request that the Court set a schedule for plaintiffs' counsel in the Related Actions to file applications to be appointed interim lead counsel.

## II.     BACKGROUND

Between March 28, 2023 and April 17, 2023, unauthorized individuals had access to Defendants' network systems and accessed and removed the personally identifiable information ("PII") and personal health information ("PHI") of Plaintiffs and approximately 2,550,922 persons from the systems (the "Data Breach"). There are six actions pending in the District of Massachusetts relating to the Data Breach: *Patterson, et al. v. Harvard Pilgrim Health Care, Inc., et al.*, No. 1:23-cv-11211-NMG (filed May 30, 2023), *Mackey v. Point32Health, Inc., et al.*, No. 1:23-cv-11257-NMG (filed June 2, 2023), *Gonzales v. Harvard Pilgrim Health Care, Inc., et al.*, No. 1:23-cv-11286-DJC (filed June 7, 2023), *Wilson v. Harvard Pilgrim Health Care, Inc., et al.*, No. 1:23-cv-11288-PBS (filed June 7, 2023), *Olson v. Point32Health, Inc., et al.*, No. 1:23-cv-11348-NMG (filed June 15, 2023), and *Vorpahl, et al v. Harvard Pilgrim Health Care Inc., et al*, No. 1:23-cv-11384-NMG (filed June 21, 2023). The Related Actions are proposed class actions which share two common defendants, Harvard Pilgrim and Point32, relating to a data breach that impacted Plaintiffs and the putative class. Two of the actions also name Health Plans, Inc. and one names HPHC Insurance Company, Inc. Harvard Pilgrim is a health insurance provider that operates in the New England region. *See Patterson* Complaint, ECF No. 1, ¶ 2. Point32 is Harvard

Pilgrim's parent company and was created as a result of a merger between Harvard Pilgrim and Tufts Health Plan. *Id*. Health Plans, Inc. is a health plan administrator that receives health administration services from Point32 and Harvard Pilgrim. *See Mackey*, ECF No. 1, ¶ 3. During the Data Breach, approximately 2,550,922 individuals'[1] PII/PHI was exposed, including names, Social Security numbers, and financial account numbers. *See Patterson*, ECF No. 1, ¶ 1.

### III.   ARGUMENT

#### A.   Consolidation is Appropriate

FRCP 42(a) states, "If actions before the court involve a common question of law or fact, the court may: . . . consolidate the actions . . . ." "The threshold issue in determining whether to consolidate cases under Rule 42(a), Fed. R. Civ. [P.], is whether the two proceedings involve a common party and common issues of fact or law." *Gilliam v. Fid. Mgmt. & Research Co.*, Nos. 04-11600-NG, 04-11642-NG, 04-11651-MLW, 04-11709-MLW, 04-11735-GAO, 04-11756-MLW, 04-11812-MLW, 2005 U.S. Dist. LEXIS 10478, at *4 (D. Mass. May 3, 2005) (internal quotations omitted) (citing *Seguro de Servicio de Salud v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989)). If this threshold issue is met, then the Court can look to "the costs and benefits of consolidation" to determine if consolidation is appropriate. *Id*. "In considering the costs and benefits of consolidation, it is appropriate to consider and weigh the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and 'any confusion, delay or prejudice that might result from consolidation.'" *Id*. (quoting *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 834 F. Supp. 477, 487 (D. Mass. 1992)). Where no "demonstrable prejudice" exists, "consolidation is generally allowed." *Id*. at *5. Here, consolidation will not

---

[1] Harvard Pilgrim reported to the U.S. Department of Health and Human Services that the breach affected 2,550,922 persons. *See* https://ocrportal.hhs.gov/ocr/breach/breach_report.jsf (last accessed June 19, 2023).

prejudice any party and will promote judicial efficiency. Therefore, the Related Actions should be consolidated.

The Related Actions share many common questions of law and fact. They all arise out of the same transaction or event—the Data Breach that exposed the PII/PHI of Defendants' customers and plan members—and all seek to represent similarly defined nationwide classes of persons affected by the Data Breach.[2] Additionally, the Related Actions raise common theories of recovery, as all complaints bring claims of negligence, breach of implied contract, and unjust enrichment against Defendants, allege Defendants violated their duty to protect their customers' and plan members' PII/PHI, and allege Defendants owe damages to those affected by the Data Breach. Since the Related Actions raise similar questions of law and fact, consolidation is appropriate.

Consolidation will serve the goals of judicial efficiency and avoidance of inconsistent verdicts by eliminating duplicative and overlapping litigation. Upon consolidation, the Court will be able to address the factual and legal issues raised in the Related Actions in one proceeding, streamlining the resolution of each case and avoiding inconsistency. *See Sea Salt, LLC v. Bellerose*, No. 2:18-cv-00413-JAW, 2021 U.S. Dist. LEXIS 72438, at *15–16 (D. Me. Apr. 15, 2021) (consolidating related actions because "it would be more economical" and "would reduce the risk of inconsistent verdicts"). In addition, The Manual for Complex Litigation, Fourth § 22.62 (2004) ("MCL") counsels that instituting organizational structures or procedures for coordination of counsel early in the litigation will help to avoid common problems that would otherwise

---

[2] *See Patterson* Complaint, ECF No. 1, ¶ 54; *Mackey* Complaint, ECF No. 1, ¶ 136; *Gonzalez* Complaint, ECF No. 1, ¶ 32; *Wilson* Complaint, ECF No. 1, ¶ 85; *Olson* Complaint, ECF No. 1, ¶ 125; and *Vorpahl* Complaint, ECF No. 1, ¶¶ 4, 77.

unnecessarily burden courts in complex litigation. Consolidating the Related Actions will conserve judicial resources and ensure that there are no inconsistent results between the cases.

Consolidating the Related Actions will not delay the proceeding. Each Related Action is still at the pleading stage and no response to the complaint has been filed in any of the Related Actions. Since each Related Action is still in its infancy, it is a practical and convenient time to consolidate the Related Actions. *See Allen v. Takeda Pharm. U.S.A.*, No. 20-11452-LTS, 2020 U.S. Dist. LEXIS 255651, at *9 (D. Mass. Sep. 9, 2020) (consolidating related actions and noting that "consolidation—especially at this early stage in the litigation—seems overwhelmingly likely to permit more efficient exploration and resolution of [plaintiff's] claims"). Consolidating the Related Actions at this stage will not unduly delay any of the proceedings, and as such consolidation is appropriate.

Courts consistently find that overlapping data breach class actions are particularly appropriate for consolidation. *See, e.g.*, *Rubenstein v. Scripps Health*, No. 21cv1135-GPC(MSB), 2021 U.S. Dist. LEXIS 192182, at *4 (S.D. Cal. Oct. 5, 2021) (granting motion to consolidate data breach cases that "involve the same underlying facts and substantially similar questions of law"); *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210-FtM-99MRM, 2016 U.S. Dist. LEXIS 105791, at *13 (M.D. Fla. July 21, 2016) ("[I]t is clear that common questions of law and fact permeate these cases [because] . . . all of the cases appear to arise from the same alleged data breach."); *Brown v. Accellion, Inc.*, No. 5:21-cv-01155-EJD, 2022 U.S. Dist. LEXIS 44800, at *9 (N.D. Cal. Mar. 14, 2022) (consolidating several data breach cases arising out of the same data breach). There is no reason to reach a different conclusion here, and for all of the foregoing reasons, consolidation of the Related Actions pursuant to FRCP 42(a) is warranted.

**B.      The Court Should Set a Briefing Schedule for Leadership Applications**

Appointing class counsel now is crucial in keeping the litigation well-organized and efficient. As the Manual for Complex Litigation states, "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MCL § 21.11. In appointing lead counsel, a court should "conduct an independent review . . . to ensure that counsel appointed to lead roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Id*. § 10.22. Plaintiffs respectfully request that the Court enter an order requiring applications to be appointed lead counsel be filed 21 days after the Related Actions are consolidated.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs Girard Patterson, Maribeth Murphy, and Kelli Mackey respectfully ask the Court to grant their motion; consolidate the Related Actions; set a schedule for briefing on applications for interim lead counsel; and enter the proposed Order submitted herewith as **Exhibit A**.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Undersigned counsel certify that they have conferred with counsel for the defendants and with counsel for the plaintiffs in the *Gonzalez*, *Wilson*, *Olson*, and *Vorpahl* actions in a good faith effort to resolve or narrow the issues raised by this Motion with the following results: counsel for the defendants indicated that the defendants assent to the relief sought by this Motion, and plaintiffs' counsel in *Gonzalez*, *Wilson*, *Olson*, and *Vorpahl* indicated that the plaintiffs in those actions also assent to the relief sought by this Motion.

| | |
|---|---|
| Dated: June 21, 2023 | Respectfully submitted,<br><br>/s/ David Pastor<br>David Pastor (BBO 391000)<br>**Pastor Law Office, PC**<br>63 Atlantic Avenue, 3rd Floor<br>Boston, MA 02110<br>Tel: 617.742.9700<br>Fax: 617.742.9701<br>dpastor@pastorlawoffice.com<br><br>Ben Barnow*<br>Anthony L. Parkhill*<br>Riley W. Prince*<br>**Barnow and Associates, P.C.**<br>205 West Randolph Street, Ste. 1630<br>Chicago, IL 60606<br>Tel: 312-621-2000<br>Fax: 312-641-5504<br>b.barnow@barnowlaw.com<br>aparkhill@barnowlaw.com<br>rprince@barnowlaw.com<br><br>*Counsel for Plaintiffs Girard Patterson, Maribeth Murphy*<br><br>Nicholas A. Migliaccio*<br>Jason Rathod*<br>**MIGLIACCIO & RATHOD, LLP**<br>412 H Street NE<br>Washington, D.C. 20002<br>202.470.3520<br>nmigliaccio@classlawdc.com<br><br>Richard E. Levine (BBO# 672675)<br>**STANZLER LEVINE, LLC**<br>37 Walnut Street, Suite 200<br>Wellesley, MA 02481<br>(617) 482-3198<br>rlevine@stanzlerlevine.com<br><br>*Counsel for Plaintiff Kelli Mackey*<br><br>* *pro hac vice forthcoming* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2023, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court via the Court's CM/ECF system, which will cause a copy to be electronically served upon all counsel of record. In addition, I certify that on the above date, I caused copies of the foregoing to be served via email on Plaintiffs' counsel in the *Gonzalez*, *Wilson*, *Olson*, and *Vorpahl* actions, as follows:

James J. Reardon
Reardon Scanlon, LLP
45 South Main Street, 3d Floor
West Hartford, CT 06107
James.reardon@reardonscanlon.com

Kevin Laukaitis
954 Avenida Ponce d Leon
San Juan, PR 00907
Klaukaitis@laukaitislaw.com

Robert J. Bonsignore
Melanie Porter
23 Forest Street
Medford, MA 02155
rbonsignore@classactions.us
melanie@classactions.us

Samuel J. Strauss
Raina Borelli
Turke & Strauss, LLP
613 Williamson Street, Suite 201
Madison, WI 53703
sam@turkestrauss.com
raina@turkestrauss.com

J. Gerard Stranch IV
Andrew E. Mize
Stranch, Jennings & Garvey PLLC
The Freedom Center
45 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
gstranch@stranchlaw.com
amize@stranchlaw.com

Lynn A. Toops
Cohen & Malad LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com

Christina Xenides
Siri & Glimstad LLP
1005 Congress Avenue, Suite 925-C36
Austin, TX 78701
cxenides@sirillp.com

Mason A. Barney
Tyler J. Bean
Siri & Glimstad LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
mbarney@sirillp.com
tbean@sirillp.com

Patrick J. Sheehan
Whatley Kallas, LLP
101 Federal Street, 19th Floor
Boston, Massachusetts 02110
Telephone: (617) 203-8459
Facsimile: (800) 922-4851
psheehan@whatleykallas.com

Alan M. Mansfield
Whatley Kallas, LLP
16870 W. Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (619) 308-5034
Facsimile: (855) 274-1888
Email: amansfield@whatleykallas.com

Deborah J. Winegard
Whatley Kallas, LLP
1068 Virginia Avenue NE
Atlanta, GA 30306
Telephone: (404) 607-8222
Facsimile: (800) 922-4851
Email: dwinegard@whatleykallas.com

                */s/ David Pastor*
                David Pastor